UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM C. HUGHES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:19-cv-2114-JAR |
| TODD RUNDGREN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff William C. Hughes for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the plaintiff's allegations are found to be

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

## The Complaint

Plaintiff brings this action against music artist Todd Rundgren, Eric Gardner, Panacea Entertainment, Warner Brothers Records, a St. Louis area radio station, and Hubbard Broadcasting. He begins his statement of claim as follows:

> In this legal action, it will be alleged the defendants and others in the music business are members of what their entertainment industry calls "The Mafia" or "The Mob" and that such entertainers have often colluded and conspired to incite a "revolution" to disable or replace the United States Government by cyberattack or an armed insurrection.

(ECF No. 1 at 7). The remainder of the 26-page complaint contains numerous nonsensical allegations such as the following:

> Today, it is precisely computers at issue here, and not witches, warlocks, dragons, or space aliens. Plaintiff here again pleads for the appointment of a competent attorney to avoid this case and subsequent filings from being dismissed on legal technicalities. Would you like your government taken over by a deranged rock star with a computer that bests the National Security Agency (NSA)? Now hurl insults at the plaintiff when the dispute about Google's insistence on firewalling the NSA out was a newsworthy feud, the plaintiffs death an eight point type notation in the Saint Louis Post-Dispatch, if that.
>
> . . .
>
> Here it is alleged Ms. Nikenas intentionally dropped a bank card for plaintiff to find and use. Eva Nikenas could not be found to return the card after plaintiff had been introduced to her son Patrick and father, who based on the appearance of Eva and other males his age, may have been from Iran. The bank card was later clipped to Cornell engineer Jeff Yates' gift of a Trac Fone that was presumably pickpocketed away from the plaintiff in a state named California and a city called Los Angeles. This geopolitical place will never again be seen by the plaintiff. Ms. Nikenas stood out from the rest of the morbidly curious about plaintiffs many difficulties when set upon by drug dealers, bogus "Secret Service" agents, dirty deputies, con artists, and common thugs. One of the problems as detailed elsewhere was the many Hughes

2

> Aircraft "magic tricks." In this case, graphics on the Logix Bank card turned from a landscape into an image of an F-35 aircraft.
>
> . . .
>
> Unlike totalitarians from the political left and right, plaintiff has no coercive methods with which to buy and restore the old TWA office now used by the Saint Louis City public library, or to acquire the old Warner Brothers lot. In the mold of the TWA he flew on, this Hughes thought he might buy some old aircraft and maintain them well, starting with the roll-out of an old Boeing 7 4 7 like the one he alleges was shot down by a missile to begin the "controlled demolition" of Trans World Airlines. This would be done with the 2001 A Space Odyssey theme as a sound bed, as all Hughes persons who are not lawyers are showmen. The WB cartoon slogan was, "That's all folks" as that line ends this document to hopefully await a jury trial.

*Id.* at 16, 25.

Plaintiff claims he has suffered defamation of character, and suppression of his First, Fourth and Fifth Amendment rights. He seeks monetary relief.

## Discussion

The Court has carefully reviewed and liberally construed the complaint, and concludes that none of the allegations the Court can decipher state a plausible claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Civil plaintiffs are required to set out their alleged claims and the facts supporting those claims in a simple, concise, and direct manner. Even *pro se* litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil*, 508 U.S. at 113. Here, plaintiff has not done so. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. Additionally, the Court finds that plaintiff's allegations are clearly baseless under *Denton*. For these reasons, the Court will dismiss this action as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of July, 2019.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4